Ryan Lee, Esq. (SBN 235879)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA 90036
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
rlee@consumerlawcenter.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT,**
**EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

| | |
|---|---|
| REBECCA KLEIN,<br><br>Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC,<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

REBECCA KLEIN (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

*6.* Venue is proper pursuant to *28 U.S.C. 1391(b)(1).*

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

8. Plaintiff is a natural person who resides in Tuscumbia, Colbert County, Alabama, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3).*

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment of an alleged debt.

12. Defendant placed approximately 15-20 collection calls per day seeking and demanding payment on an alleged debt.

13. Defendant failed to properly disclose itself when seeking and demanding payment of an alleged debt.

14. Defendant failed to send Plaintiff a debt validation letter.

15. Defendant has contacted Plaintiff before 8:00 AM and after 9:00 PM seeking and demanding payment of an alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at an unusual time known to be inconvenient to the Plaintiff, before 8:00 AM and after 9:00 PM.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing the phone to ring and engage Plaintiff in telephone conversations repeatedly.

    d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls and failing to properly disclose his/her identity.

    e. Defendant violated *§1692e* of the FDCPA by using false, deceptive and

misleading representation and means in connection with the debt collection.

f. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

g. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

**WHEREFORE**, Plaintiff, REBECCA KLEIN, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, REBECCA KLEIN, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: February 5, 2009 KROHN & MOSS, LTD.

By: /s/ Ryan Lee_______________________
Ryan Lee

Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA

Plaintiff, REBECCA KLEIN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, REBECCA KLEIN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: November 13, 2008

Rebecca Klein
REBECCA KLEIN

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

| | | |
|---|---|---|
| 1. Sleeplessness | (YES) | NO |
| 2. Fear of answering the telephone | (YES) | NO |
| 3. Nervousness | (YES) | NO |
| 4. Fear of answering the door | YES | (NO) |
| 5. Embarrassment when speaking with family or friends | (YES) | NO |
| 6. Depressions (sad, anxious, or "empty" moods) | (YES) | NO |
| 7. Chest pains | YES | (NO) |
| 8. Feelings of hopelessness, pessimism | (YES) | NO |
| 9. Feelings of guilt, worthlessness, helplessness | (YES) | NO |
| 10. Appetite and/or weight loss or overeating and weight gain | (YES) | NO |
| 11. Thoughts of death, suicide or suicide attempts | YES | (NO) |
| 12. Restlessness or irritability | (YES) | NO |
| 13. Headache, nausea, chronic pain or fatigue | (YES) | NO |
| 14. Negative impact on my job | (YES) | NO |
| 15. Negative impact on my relationships | (YES) | NO |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

*Pursuant to 28 U.S.C. § 1740(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: November 13, 2008

Rebecca Klein
Signed Name

Rebecca Klein
Printed Name